EASTERN DIST.
*April*, 1838.

MULHOLLAN
*vs.*
HUIE.

The charge of the judge to the jury, which was also excepted to, appears to us not to have been erroneous, and we are not satisfied that the verdict was wrong.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## MULHOLLAN *vs.* HUIE.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ÓRLEANS.

According to the provisions of the act of the 2d January, 1834, redhibitory, bodily or mental vices and maladies, which discover themselves within fifteen days after the sale of slaves, recently brought into the state, are presumed to have existed on the day of sale, and give rise to the redhibitory action.

So, where a slave was taken sick within twelve days after the sale, and died, and the proof rather tended to show that the disease existed before or at the sale : *Held*, that the seller was bound to restore the *price* to the buyer.

This is a redhibitory action to recover back the price of a slave.

The plaintiff alleges he purchased a slave named Major, from the defendant, as evidenced by public act, dated the 11th March, 1834, for the sum of seven hundred dollars, payable in twelve months, with ten per cent. interest, from the date of his note until paid.

He further shows, that said slave was discovered to be sick or diseased a few days after the sale, with inflammation of the brain ; and that notwithstanding every medical remedy and care bestowed, the slave died. He also shows, that the defendant guaranteed the slave against all redhibitory vices

and maladies, and is liable to refund the price.   He prays that the sale be rescinded and declared null, and that the price be returned to him by the defendant, with interest, etc.

The defendant pleaded a general denial.   Upon these pleadings and issue the case was tried.

The parish judge summed up the whole case on the evidence and law, and gave judgment as follows :

" 1st. That the evidence produced by the parties in this case, leaves it extremely doubtful at what time the disease of which the slave Major died, originated ; that the positive nature of said disease is likewise a subject upon which the witnesses do not fully agree.

" 2d. The only facts on which there can exist no doubt, are : that said slave, Major, was purchased by the plaintiff from the defendant, on the 11th of March, 1834, for a sum of seven hundred dollars, payable in March, 1835, with an addition of interest of ten per cent. per annum ; that after the passing of the sale, some days elapsed before the delivery, which delivery took place only on the 20th of March, the day on which the plaintiff started on board the steamboat Chesapeake, with several negroes he had purchased from the defendant, and among whom was Major ; that on the very day, the 20th of March, shortly after the boat had left New-Orleans, the said slave, Major, was discovered to be very sick, and that the sickness so rapidly increased, that notwithstanding the attendance of two physicians who happened to be on board, he died on the next day, to wit : the 21st of March.

" 3d. That it is further in evidence, that the said slave, Major, arrived in this state in the month of January, 1834, two months only before the sale from defendant to plaintiff.

" 4th. That by the 3d section of an act, approved January 2d, 1834, it is provided, that with regard to slaves who shall have been less than eight months in this state, " if any redhibitory, bodily or mental maladies, discover themselves within fifteen days after the sale, it shall be presumed to have existed on the day thereof, any law to the contrary notwithstanding."

" 5th. That in the present case, the discovery of the disease, and even the death of the slave occurred within fifteen days after the sale, to wit : nine or ten days after said sale, so that according to the law just cited, a presumption arises that the sickness existed at the time of the sale.

" 6th. That the slave, Major, having died of the disease which he had at the time of the sale, it was for the defendant to prove that the disease was a curable one, (Thompson *vs.* Milburn, 1 Martin, N. S., 468,) and that the defendant having failed to make such proof, it must be taken for granted, that the disease was an incurable one, and as such a redhibitory disease.

" It is, therefore, ordered, adjudged and decreed, that the sale of the slave, Major, made by defendant to plaintiff, before Carlile Pollock, notary public, on the 11th March, 1834, be rescinded, and that the said defendant reimburse and pay unto the plaintiff, a sum of seven hundred and seventy dollars, being the amount of the price of said slave, to wit : seven hundred dollars, and ten per cent. interest on said amount, for one year, and further that the defendant pay the costs of suit."

From this judgment the defendant appealed.

*C. M.* and *F. B. Conrad,* for the plaintiff.

*Sterrett, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment rescinding the sale of a slave, on the ground of his having died of a disease, under which he labored at the time of the sale. The sale took place on the 11th of March, 1834. On the 20th of the same month, the slave was taken from the defendant's house to a steamboat, and immediately discovered to be sick, and although attended by two physicians, and great care taken of him, he died on the 21st. The slave had been brought into the state for sale a few weeks previously.

EASTERN DIST.
*April,* 1838.

MULHOLLAN
*vs.*
HUIE.

According to the provisions of the act of the 2d January, 1834, redhibitory, bo-

EASTERN DIST.
*April*, 1838.

By an act of the legislature, approved the 2d January, 1834, it is provided, that if any redhibitory, bodily, or mental maladies, discover themselves within fifteen days after the sale, it shall be *presumed* to have existed on the day thereof; and the act is declared to have its effect from its passage. As twelve days only elapsed between the sale and the death, the plaintiff contends the sale must necessarily be rescinded. But the defendant has urged, that he has shown by the testimony of the doctor, whom he had employed to attend his slaves, that the malady did not exist before the sale; and his counsel has contended, that the presumption of which the act speaks, is not that *juris et de jure,* which cannot be destroyed by proof; but the simple presumption which stands until the contrary be proved. *Stabit presumptio donec contrarium probatur.* It has appeared to us useless to inquire, whether the distinction contended for, exists; because a close examination of the evidence, has not enabled us to conclude that the defendant has succeeded in his attempt to show that the disease did not exist before the sale, while the testimony of the doctors employed by the plaintiff, rather tends to establish the fact that the disease did exist before.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

